UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
GREGORY BYRD,
                      Plaintiff,

                    v.

THE CITY OF NEW YORK and THE NEW YORK
CITY POLICE DEPARTMENT,

                    Defendants.

------------------------------------------------------------------------ X

**CASE NUMBER:**
1:17-cv-01552-GBD

**AMENDED**
**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

Plaintiff GREGORY BYRD, by his attorney, New York Center for Law and Justice, complains of the Defendants and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for injunctive relief and money damages against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, (at all times herein mentioned THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT shall include their agents, servants and employees) for violations of Plaintiff's rights, including under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the New York State Human Rights Law and the New York City Human Rights Law.  Plaintiff seeks injunctive relief, compensatory and punitive damages, attorney fees, and such other and further relief as this court may deem just and proper.

2.     Plaintiff GREGORY BYRD, who is deaf, relies on American Sign Language to communicate with others.  GREGORY BYRD suffered emotional and mental anguish and

1

physical distress as he was denied effective communication with Defendants because of Defendants' failure to provide him with qualified sign language interpreter services.

## PARTIES

3. Plaintiff GREGORY BYRD is a resident of Bronx County, State of New York. GREGORY BYRD is profoundly deaf and understands American Sign Language ("ASL"). GREGORY BYRD relies principally on ASL to communicate with others.

4. The defendant CITY OF NEW YORK is a municipal corporation within the State of New York. At all times relevant hereto, the defendant NEW YORK CITY POLICE DEPARTMENT was an agency of the City of New York.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law and the New York City Human Rights Law. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the aforementioned statutory provisions, inasmuch as federal questions are at issue. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under New York State law and New York City law, pursuant to 28 U.S.C. § 1367, as the claims are so related to the Federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendants because Defendants reside in this district.

7. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because Defendants' acts and omissions giving rise to this action occurred in this district.

## FACTS

8. Plaintiff GREGORY BYRD alleges that on March 1, 2014, he was on the premises of his home. While GREGORY BYRD was in his home, police officers arrived at the premises.

9. The police officers were employed by the New York City Police Department.

10. The police officers arrived without an American Sign Language interpreter, and without an electronic platform to communicate through video relay services, although, upon information and belief, they knew that GREGORY BYRD was profoundly deaf.

11. The police officers did not have a court order for GREGORY BYRD's arrest.

12. The police officers brought GREGORY BYRD to a New York City police precinct.

13. While at the precinct, GREGORY BYRD was questioned in the absence of a sign language interpreter, although he requested an interpreter.

14. Upon information and belief, GREGORY BYRD was placed in handcuffs and Plaintiff was placed in a jail cell.

15. Upon information and belief, police officers took GREGORY BYRD to a second jail cell at a second location later that day, upon information and belief, in a building where courtrooms are located, and where Plaintiff was also in handcuffs.

16. GREGORY BYRD was placed in a jail cell at the second location and remained there, except to be removed for proceedings in a courtroom, until March 3rd, 2014.

17.     Defendants, at all times herein mentioned, including their agents, servants and/or employees, kept GREGORY BYRD in a jail cell at the second location for two nights.

18.     Throughout the time that GREGORY BYRD was imprisoned, Defendants did not provide him with an American Sign Language interpreter, although, upon information and belief, Defendants knew that GREGORY BYRD was profoundly deaf and had requested an interpreter.

19.     Throughout the time that GREGORY BYRD was imprisoned, GREGORY BYRD was not permitted to contact anyone directly, and GREGORY BYRD, therefore, was unable to communicate with his family and friends.

20.     GREGORY BYRD was worried, concerned, and depressed because he was unable to communicate.

21.     GREGORY BYRD was released on March 3, 2014 and informed that he could return home.

22. The aforesaid acts were all in violation of the Plaintiff's statutory rights. Plaintiff alleges that the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT are liable for violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, The New York State Human Rights Law and the New York City Human Rights Law.

**FIRST CLAIM FOR RELIEF**

**Discrimination on the Basis of a disability in
Violation of the Rehabilitation Act
(29 U.S.C. § 794 et. seq.)**

23.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

4

24. The purpose of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

25. At all times relevant to this action, the Rehabilitation Act, 29 U.S.C. § 794 et seq., was in full force and effect and applied to the Defendants' conduct.

26. Defendants receive Federal financial assistance within the meaning of the Rehabilitation Act. 29 U.S.C. § 794(a).

27. The Department of Health and Human Services regulations implementing the Rehabilitation Act clarify the requirements for Federal financial recipients, such as Defendants, stating that "[a] recipient . . . that employs fifteen or more persons shall provide appropriate auxiliary aids to persons with impaired sensory ... or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." 45 C.F.R § 84.52(d)(1).

28. Appropriate auxiliary aids include, but are not limited to, interpreters. 45 C.F.R. § 84.52(d)(3).

29. Plaintiff GREGORY BYRD is a qualified individual with a disability within the meaning of the Rehabilitation Act. 29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

30. Defendants failed to comply with the Rehabilitation Act by refusing to provide qualified American Sign Language interpreters to the Plaintiff.

31. Defendants, despite consistent and repeated requests by Plaintiff, refused to provide sign language interpreters during GREGORY BYRD'S interrogation, arrest, and

imprisonment. As such, GREGORY BYRD'S ability to communicate with Defendants and their employees was significantly restricted; he was excluded from discussions and decisions relating to his arrest and imprisonment; and he was excluded from communicating with his family members and friends that would have directly benefitted the Plaintiff.

32. As a proximate cause of Defendants' violations of GREGORY BYRD'S rights under the Rehabilitation Act, Plaintiff has suffered discrimination, unequal treatment, exclusion, violations of his rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property.

33. Defendants' failure to comply with the Rehabilitation Act has resulted in harm to the Plaintiff.

34. As a result of Defendants' breaches of law, Plaintiff has been damaged and injured and demands damages in the sum of THREE MILLION ($3,000,000) DOLLARS.

## SECOND CLAIM FOR RELIEF

**Discrimination on the basis of a disability in Violation of**
**Title II of the Americans with Disabilities Act of 1990**
**(42 U.S.C. § 12131 et seq.)**

35. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

36. On July 12, 1990 Congress enacted the Americans with Disabilities Act ("ADA") "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

6

37.     At all times relevant to this action, the ADA was in full force and effect in the United States and GREGORY BYRD had a right not to be subjected to discrimination on the basis of his disability by Defendants.  42 U.S.C. § 12182.

38.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

39.     The ADA defines a public entity as "any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ." 42 U.S.C. § 12131(1)(A), (B).

40.     Defendants are public entities within the meaning of 42 U.S.C. § 12131(1) because the CITY OF NEW YORK is a local government.  THE NEW YORK CITY POLICE DEPARTMENT is a department of the City of New York.

41.     The ADA defines a disability as "a physical . . . impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).  Major life activities include hearing and speaking.  42 U.S.C. § 12102(2)(A).

42.     Plaintiff GREGORY BYRD is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

43.     Defendants subjected GREGORY BYRD to discrimination based upon his disability in violation of Plaintiff's rights under Title II of the ADA.  Defendants repeatedly failed to provide GREGORY BYRD with qualified interpreters on numerous occasions while he was under arrest and imprisoned.  Defendants failed to ensure that GREGORY BYRD was not

excluded, denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12132.

44. Defendants discriminated against Plaintiff when they failed to provide GREGORY BYRD with qualified sign language interpreters at the time he was questioned, arrested, and throughout his imprisonment.

45. Defendants treated GREGORY BYRD differently than hearing individuals by not providing the necessary American Sign Language interpreter services that would have enabled GREGORY BYRD to effectively communicate with police officers.

46. Defendants' violations of Plaintiff's rights under Title II of the ADA have proximately caused Plaintiff to suffer discrimination, unequal treatment, exclusion, violations of his rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

47. As a result of Defendants' actions, omissions and breaches of law, Plaintiff demands attorney's fees and injunctive relief, as outlined below.

### THIRD CLAIM FOR RELIEF
### (NEW YORK CITY HUMAN RIGHTS LAW, N.Y.C. ADMIN. CODE § 8-101 ET SEQ.)

48. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

49. Plaintiff GEOFRREY BYRD has a "disability" as defined in New York City Human Rights Law, Sec. 8-102 (16)(a), in that he is deaf.

50. The police precinct is a "place(s) or provider(s) of public accommodation" within the

meaning of New York City Human Rights Law, Sec. 8-102 (9). These "governmental bodies or agencies" are also "covered entit[ies]," in that they are prohibited from engaging in unlawful discriminatory practices. New York City Human Rights Law § 8–102 (1), (17).

51. Providing a sign language interpreter in order to allow deaf individuals to communicate with governmental bodies and New York City Police Officers when such individuals are questioned, arrested, or imprisoned is a "reasonable accommodation" within the meaning of New York City Human Rights Law, Sec. 8-102 (18).

52. Defendants discriminated against Plaintiff GREGORY BYRD on the basis of his disability and failed to make a "reasonable accommodation" for Plaintiff GREGORY BYRD'S disability when they failed to provide Plaintiff GREGORY BYRD with a qualified sign language interpreter throughout the time during which he was arrested, and throughout the time that he was imprisoned. New York City Human Rights Law, Sec. 8-107 (4), (15).

53. As a result of the Defendants' actions in violation of New York City Human Rights law, Plaintiff was damaged and injured.

54. Plaintiff was caused to suffer as a consequence of Defendants continued failure to provide reasonable accommodations such as qualified interpreters. Defendants have wantonly, recklessly and maliciously acted with disregard for the rights and well being of Plaintiff and Plaintiff is thereby entitled to punitive damages.

55. By reason of the foregoing, as a result of Defendants' breaches of law, Plaintiff has been damaged and injured and demands damages in the sum of THREE MILLION

($3,000,000) DOLLARS, along with punitive damages, attorney's fees, as well as injunctive relief.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXEC. LAW § 292)**

56. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

57. Plaintiff GEOFRREY BYRD has a "disability" as defined in New York State Human Rights Law Section 292 (21), in that he is deaf.

58. The New York City Police Department's precinct is a "place(s) of public accommodation" within the meaning of NY State Human Rights Law Section 292 (11), as it is a "place" plainly "included in the meaning of such terms." NY State Human Rights Law Section 292 (9).

59. Defendant THE CITY OF NEW YORK and police officers are the "proprietor, manager, agent or employee " of the police precinct. NY State Human Rights Law § 296 (2)(a).

60. Defendants discriminated against Plaintiff GREGORY BYRD based on his disability by refusing, withholding and denying to him "the accommodations, advantages, facilities or privileges" afforded to hearing and other non-disabled individuals by failing to provide Plaintiff with qualified sign language interpreters "to the effect that . . . the accommodations, advantages, facilities and privileges" afforded to hearing individuals who are arrested, questioned and imprisoned by Defendants were "withheld [from and] denied" to Plaintiff. NY State Human Rights Law § 296 (2)(a).

61.   Defendants discriminated against Plaintiff based on his disability and failed to make "reasonable accommodations" for his disability. NY State Human Rights Law § 292 (21).

62.   Defendants' failure to comply with New York State Human Rights Law has resulted in harm to Plaintiff. This harm will continue unless and until Defendants are ordered by this Court to make reasonable modifications to their policies, practices, and procedures. As a result of Defendants' breaches of law, Plaintiff has been damaged and injured and demands damages in the sum of THREE MILLION ($3,000,000) DOLLARS, along with punitive damages, attorney's fees and injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

(1)   On the FIRST CLAIM FOR RELIEF, against the Defendants, punitive, and compensatory damages in the amount of THREE MILLION ($3,000,000) DOLLARS, along with attorney's fees;

(2)   On the SECOND CLAIM FOR RELIEF, against the defendants, injunctive relief as outlined below, along with attorney's fees;

(3)   On the THIRD CLAIM FOR RELIEF, against the defendants, injunctive, punitive, and compensatory damages in the amount of THREE MILLION ($3,000,000) DOLLARS, along with attorney's fees;

(4)     On the FOURTH CLAIM FOR RELIEF, against the Defendants, injunctive, punitive, and compensatory damages in the amount of THREE MILLION ($3,000,000) DOLLARS, along with attorney's fees;

(5) Entry of such declaratory and injunctive relief under Title II of the ADA, Section 504 of the Rehabilitation Act, New York State Human Rights Law and New York City Human Rights Law, against Defendants and in favor of Plaintiff to remedy past violations of the laws of the United States and New York State and New York City and to prevent future violations of the same, including making available to deaf and hard of hearing individuals:

- qualified interpreters;
- auxiliary aids and services;
- displays in each police precinct and jail indicating availability of ASL interpreters;
- changes in policy and procedure to ensure compliance with the law; and
- implementation of means of monitoring and reporting non-compliance with the Court's instructions; and

(6)     For such other and further relief as this Court deems just and proper, together with costs, disbursements, and reasonable attorney's fees.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which he is so entitled.

Dated: March 3, 2017
   New York, New York

Respectfully submitted,


By:/s/Bruce J. Gitlin
 _____
 Bruce J. Gitlin


NEW YORK CENTER FOR LAW AND
JUSTICE, INC.
2095 Broadway
Suite 411
New York, NY 10023
(212) 757-2800

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
GREGORY BYRD,
                                                                          :
                Plaintiff,
                                                                          :
      **v.**
                                                                          :
THE CITY OF NEW YORK, and THE NEW YORK
CITY POLICE DEPARTMENT,                                                   :

                Defendants.                          :

------------------------------------------------------------------------ X

---

COMPLAINT

---

NEW YORK CENTER FOR LAW AND JUSTICE.
Attorneys for Plaintiff
Office and P.O. Address
2095 Broadway
Suite 411
New York, NY 10023
(212) 757-2800